IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| GLORIA BRINGAS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>*Plaintiffs*,<br><br>v.<br><br>ATENCION FAMILY SERVICES, AND JENNIFER MULLER,<br><br>*Defendants*. | Civil Action No. 1:18-CV-965 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gloria Bringas, individually and on behalf of all others similarly situated files this Original Complaint, and in support shows the Court the following:

## I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and New Mexico common law.

2. Plaintiff was employed by Defendants as a caregiver. Her primary responsibilities included providing companionship services to Defendants' clients in their homes. Plaintiff helped clients around their home, took them to appointments, and provided general care pursuant to Defendants' policies. Plaintiff did not conduct any hands-on medical work or nursing duties.

3. Plaintiff routinely worked in excess of 40 hours per week. In violation of the FLSA, Defendants refused to pay her overtime for the hours she worked in excess of 40 per week. Defendants also failed to pay Plaintiff for all hours worked in violation of New Mexico common law.

## II.  PARTIES

4. Plaintiff Gloria Bringas is and was at all time relevant to this action a resident of the State of New Mexico.  She has consented to be a party in this action and her consent form is attached hereto.  *See* Exhibit A.

5. Plaintiff and the Class Members are Defendants' current and former caregiver employees whose primary responsibilities included providing general companionship care to Defendants' clientele.

2. Defendant Atención Family Services, Inc. ("Atención") is a New Mexico company that is authorized to do business in New Mexico and that is, in fact, doing business throughout New Mexico.  Atención may be served with process by service on its registered agent for service, Jennifer P. Muller, 6300 Montano Road NW, Ste H, Albuquerque, New Mexico 87120 or wherever she may be found.

3. Defendant Jennifer Muller is a natural person residing in Bernalillo County and is the owner and operator of Atención.  She may be served with process at 6300 Montano Road NW, Ste H, Albuquerque, New Mexico 87120 or wherever she may be found.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under New Mexico law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Albuquerque Division of the United States District Court for the District of New Mexico. All or a substantial part of the events forming the basis of this suit occurred in this Division. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## IV. FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

7. Defendants, through their Atención companionship services enterprise, have enjoyed revenues in excess of $500,000.00 each year relevant to this action.

8. Muller – individually and as an agent of Atención – is directly responsible for all aspects of Plaintiff and Class Members' employment. She controlled when Plaintiff and Class Members would receive pay, set their pay rates, set Plaintiff and Class Members' schedules, approved their payroll prior to payment and decided when they would be able to take leave.

9. Muller also created Atención's pay policies and was in control of hiring or firing of all caregivers. Muller maintained Atención's pay records during the relevant periods of employment and participated in the decision not to pay her employees overtime wages and wages for all hours worked.

10. Plaintiff worked for Defendants from March 9, 2012 to the present.

11. Plaintiff and Class Members worked as caregivers for Defendants within the last three years.

12. In their capacity as caregivers, Plaintiff and Class Members' primary duties included providing companionship services to Defendants' clients in their homes. Plaintiff and Class Members help clients around their home, take them to appointments, and provide general care according to Defendants' policies. Plaintiff and Class Members provide no hands-on medical work or nursing duties.

13. Plaintiff and Class Members' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

14. Defendants pay Plaintiff and Class Members by the hour for their work. Plaintiff and Class Members measure their time by clocking in when they arrive at a client's home using the client's telephone. They clock out when they leave. The time measured through this telephonic system represents the actual time worked by each Plaintiff and Class Member. This time worked – as recorded in the clock-in/out system – is also the time reported by Defendants to state agencies and insurance companies.

15. However, Defendants paid Plaintiff for fewer hours per week than the hours that she actually worked, as documented by Defendants.

16. Defendants retained the benefit of Plaintiff's labor without paying Plaintiff for her labor.

17. Finally, Plaintiff and Class Members routinely worked over 40 hours per week. However, they were not properly paid overtime for all hours they worked in excess of 40 hours every week in which they worked. Defendants knew that Plaintiff and Class Members worked in excess of 40 hours per week and allowed and directed them to do so. Defendants refused to pay Plaintiff and Class Members one and a half times the agreed-upon hourly rate for all hours worked over 40 hours per week.

18. Plaintiff and Class Members are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's overtime requirements and chose not to pay overtime to these individuals. Defendants willfully misclassified Plaintiff and the Class Members as exempt and refused to pay them overtime wages.

19. Defendants willfully failed to pay overtime compensation to Plaintiff and Class Members.

## V.  COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and Class Members perform the same or similar job duties as one another as described in the preceding paragraphs in that Class Members are employees whose primary duties included providing companionship services to Defendants' consumers in their home. Plaintiff and Class Members help consumers around their home, take them to appointments, and provide general care according to Defendants' policies.  Further, Plaintiff and Class Members are all paid on an hourly basis.  Finally, Plaintiff and Class Members are subjected to the same illegal pay plan in that Defendants fail to pay them at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiffs will seek collective action recognition and notice to the Class Members who may wish to join this action as soon as practicable after the commencement of this action and in accord with the Local Rules of this Court.

22. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action class as encompassing:

> All caregivers who worked on or after October 18, 2015.

23. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the Act. 29 U.S.C. § 255(a).

## VI. FIRST CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

25. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

26. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

27. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

28. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

29. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

30. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

31. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

32. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### VII. SECOND CAUSE OF ACTION:  UNJUST ENRICHMENT

33. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

34. By failing to pay Plaintiff for all hours worked, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiff.

35. Defendant's retention of any benefit collected directly and indirectly from Plaintiff's labor violated principles of justice, equity, and good conscience. As a result, Defendant has been unjustly enriched.

36. Plaintiff is entitled to recover from Defendant all amounts that Defendant has wrongfully and improperly obtained, and Defendant should be required to disgorge to Plaintiff the benefits it has unjustly obtained.

37. Plaintiff is entitled to recover actual and exemplary damages.

## VIII.   RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. She and the Class be awarded unpaid overtime premiums;

c. She and the Class be awarded liquidated damages as required by law;

d. She and the Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. She and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. She and the Class be awarded such other and further relief as may be necessary and appropriate.

And as to her SECOND CLAIM, that:

a. Plaintiff be awarded compensatory and exemplary damages.

b. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Signed this 18th of October, 2018.        Respectfully submitted,

                                                THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
                                                2515 North Stanton
                                                El Paso, Texas 79902
                                                (915) 532-5544
                                                (915) 532-5566 Fax

                                                /s/ *Christopher Benoit*
                                                **Christopher Benoit**
                                                New Mexico Bar No. 150497
                                                chris@coylefirm.com

                           */s/ Brandt Milstein*
                           **Brandt Milstein**
                           MILSTEIN LAW OFFICE
                           1123 Spruce Street, Suite 200
                           Boulder, CO 80302
                           (303) 440-8780
                           (303) 957-5754 Fax
                           brandt@milsteinlawoffice.com

# EXHIBIT A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  I authorize The Law Office of Lynn Coyle, PLLC and Milstein Law Office to represent and proceed on my behalf and others similarly situated with regards to our claims.

_____  _____10/2/18_____
**GLORIA BRINGAS**                **DATE**